# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

|  |  |
|---|---|
| ARTURO BRUNO, individually and on behalf of all others similarly situated, | Civil Action No. 1:23-cv-01183-DAE |
| Plaintiff, | **CLASS ACTION** |
| v. | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY |
| ROBERT DONOHOE, as TRUSTEE OF THE TEXAS MEDICAL LIABILITY TRUST, | |
| Defendant. | |

WHEREAS, the above-styled Action was filed on September 29, 2023;

WHEREAS, Plaintiff Arturo Bruno ("Plaintiff") individually and on behalf of himself and the proposed Settlement Class (defined below), and Defendant Texas Medical Liability Trust ("Defendant" or "TMLT") (collectively, "the Parties") have entered into a Settlement Agreement (the "Settlement") resolving the Action, subject to Court approval;

WHEREAS, the Action was settled as a result of two arm's-length negotiations, conducting investigation, and informal discovery sufficient to permit counsel and the Court to act knowingly, and counsel are experienced in similar litigation; and

WHEREAS, Plaintiff, the class representatives, have moved the Court for entry of an order preliminarily approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, and approving the form and method of notice upon the terms and conditions set forth in the Settlement, together with all exhibits thereto.

WHEREAS, the Court having considered the Settlement, together with all exhibits thereto and records in this case, and the arguments of counsel and for good cause appearing, hereby orders as follows:

## I.   CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

1.      Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only is GRANTED. The terms defined in the Settlement shall have the same meaning in this Order.

2.      Having made the finding set forth below, the Court conditionally certifies the following Settlement Class for settlement purposes only:

> Settlement Class: means all persons in the United States whose Private Information was potentially accessible as a result of the Data Incident, including those who were sent notification from Defendant that their Private Information was potentially accessible as a result of the Data Incident.

3.      Excluded from the Settlement Class are (a) all persons who are governing board members of the Defendant; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff.

4.      For settlement purposes only, with respect to the Settlement Class, the Court preliminary finds the prerequisites for a class action pursuant to Federal Rule 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Settlement Class members predominate over any potential individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and proposed Class

Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5.      The Court hereby appoints Plaintiff Arturo Bruno as the Class Representative for the Settlement Class.

6.      The Court hereby appoints Bruce Steckler of Steckler Wayne & Love, PLLC and John A. Yanchunis of Morgan & Morgan Complex Litigation Group as Class Counsel.

## II. PRELIMINARY APPROVAL

7.      The terms of the Settlement, including its proposed releases, are preliminarily approved as within the range of fair, reasonable, and adequate, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Approval Hearing provided for below. In making this determination, the Court considered the fact that the Settlement is the product of two arm's-length negotiations conducted by experienced and knowledgeable counsel, the current posture of the Action, the benefits of the Settlement to the Settlement Class, and the risk and benefits of continuing litigation to the Parties and the Settlement Class.

8.      As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Parties shall then return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose,

and any order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

### III. NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

9.      The Court appoints Kroll Settlement Administrator, LLC as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement Agreement.

10.      The Court has considered the Notice provisions of the Settlement, the Notice Program set forth in the Declaration of Scott M. Fenwick (the "Notice Program"), and the Notice, attached as Exhibit A-C of the Settlement. The Court finds that the direct mailing of the Postcard Notice via U.S mail and publishing of the Notice on the Settlement Website in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Notice attached as Exhibit A-C to the Settlement. The Court orders the Settlement Administrator to commence the Notice Program following entry of this Order in accordance with the terms of the Settlement.

11.      The Court approves as to form and content the Claim Form attached as Exhibit C to the Settlement.

12.      Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement and the Claim Form under which they are entitled to seek relief. The Notice Program shall be completed no later than 45 days before the date set for the Final Approval Hearing and the Claim Form Deadline is 15 days before the Final Approval Hearing. All Settlement Class Members who

fail to submit a claim in accordance with the requirements and procedures of the Settlement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

### IV.  REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

13.    Each person wishing to opt out of the Settlement Class must timely mail a request to the designated address established by the Settlement Administrator containing the member's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. To be effective, an opt-out request must be postmarked no later than 30 days before the Final Approval Hearing.

14.    Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement.

15.    Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement, including its releases, and all orders entered by the Court in connection therewith.

### V.  OBJECTIONS

16.    Each Settlement Class Member desiring to object to the settlement must submit a timely written notice of his or her objection. Such notice must include (a) the objector's full name, mailing address, telephone number, and email address (if any); (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (c) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's

prior objections that were issued by the trial and appellate courts in each listed case; (d) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (e) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (f) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (i) the objector's signature (an attorney's signature is not sufficient).

17.    To be effective, an objection must be filed timely with the Clerk of the United States District Court for the Western District of Texas, Austin Division, at the address where filings are accepted by the Clerk, no later than 30 days before the Final Approval Hearing.

18.    Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, including objections to any terms or approval of the Settlement at the Final Approval Hearing, and seeking any review of the Settlement or the terms of the Agreement by appeal or any other means.

## VI. THE FINAL FAIRNESS HEARING

19.    The Court will hold a Final Approval Hearing on __**November 5, 2025**__ at 9:00 a.m at the United States Courthouse for the Western District of Texas, 501 West 5th Street, Austin, Texas 78701 to consider: (a) whether certification of the Settlement Class

for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable and adequate; (c) the application by Class Counsel for an award of Attorneys' Fees, Costs and Service Awards as provided for under the Settlement; (d) whether the Notice Program satisfies Due Process requirements; (e) whether the Release of Released Claims as set forth in the Settlement should be provided; and (f) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members be continued or adjourned by order of the Court.

20.     No later than 45 days before the Final Approval Hearing, the Plaintiff shall file his Motion for Final Approval of Class Action Settlement Agreement and for Award of Attorneys' Fees, Costs, and the Service Award.

21.     The related time periods for events preceding the Final Approval Hearing are as follows:

| Event | Timing |
|---|---|
| Class List to be provided to the Settlement Administrator by Defendant | No later than 10 days after entry of this order |
| Notice Program Commences | 30 Days after entry of this order |
| Notice Program to be Completed | No later than 45 days before the Final Approval Hearing |
| Objection Deadline | 30 days before the Final Approval Hearing |
| Opt Out Deadline | 30 days before the Final Approval Hearing |
| Claims Deadline | 15 days before the Final Approval Hearing |
| Class Counsel to file a motion for final approval inclusive of the Application for Attorneys' Fees, Costs, and the Service Award | No later than 45 days before the Final Approval Hearing |

22.     The existing stay of the Action shall remain in effect pending the Court's ruling on preliminary approval. Any action brought by a Settlement Class Member concerning a Released Claim shall be stayed pending final approval of the Settlement.

**IT IS SO ORDERED**, this 10th day of July, 2025.

_____

David Alan Ezra
Senior United States District Judge