IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ARTURO BRUNO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT DONOHOE, as TRUSTEE OF THE TEXAS MEDICAL LIABILITY TRUST,<br><br>        Defendant. | Civil Action No. 1:23-cv-01183-DII<br><br>**FINAL ORDER AND JUDGMENT** |

FILED
2025 NOV -5 AM 9:38
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____

1

WHEREAS, the Court, having considered the Settlement Agreement filed May 28, 2025 (the "Settlement") between and among Plaintiff Arturo Bruno, individually and on behalf of the Settlement Class, and Texas Medical Liability Trust ("Defendant" or "TMLT") (collectively, the "Settling Parties"), the Court's Order Granting Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only ("Preliminary Approval Order"), having held a Final Approval Hearing on November 5, 2025, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiff's Motion for Final Approval of Class Action Settlement Agreement and Award of Attorneys' Fees, Costs, and Expenses, and Class Representative Service Award is GRANTED.

2. This Order and Judgment incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

3. The Court has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I.   CERTIFICATION OF THE SETTLEMENT CLASS

4.   Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Settlement Class for settlement purposes only:

> "All person in the United States whose Private Information was potentially accessible as a result of the Data Incident, including those who were sent notification from Defendant that their Private Information was potentially accessible as a result of the Data Incident."

5.   Excluded from the Settlement Class are (a) all persons who are governing board members of the Defendant; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff.

6.   Also excluded from the Settlement Class are those persons identified in Exhibit A hereto, each of whom submitted a timely and valid request to be excluded from the Settlement Class. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order and Judgment.

7.   For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Settlement Class Members predominate over any potential individual questions; (c)

the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and the proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

## II. NOTICE TO THE SETTLEMENT CLASS

8. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

## III. FINAL APPROVAL OF THE SETTLEMENT

9. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

10. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

11. The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

12. The Settling Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV. DISMISSAL OF CLAIMS AND RELEASE

13. The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a benefit from the Settlement.

14. As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the Data Incident; (b) the Action; or (c) any of the alleged violations of laws or regulations cited in the Complaint.

15. Plaintiff and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

16. Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiff and Settlement Class Members; and (b) Plaintiff and Settlement Class Members shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiff, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

17. For purposes of this Order and Judgment, "Released Parties" means Defendant, and its present and former parents, subsidiaries, divisions, departments, affiliates, predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, stockholders, heirs, agents, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, subrogees, trustees, executors, administrators, clients, customers, data owners, associated third parties, predecessors, successors and assigns, and any other person acting on Defendant's behalf, in its capacity as such. It is understood that to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

18. For purposes of this Order and Judgment, "Releasing Parties" means (i) Plaintiff and all Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, (iii) any entities in which

a Plaintiff and/or other participating Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him or her, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).

## V.   ATTORNEYS' FEES, COSTS, AND EXPENSES AND PLAINTIFF'S SERVICE AWARD

19.   The Court awards attorneys' fees of $~~350,000~~ $305,000 [DAE KJW] and reimbursement of costs and expenses in the amount of $22,798.00 [DR], totaling $327,798.00 [DAS] and payment of a service award in the amount of $2,500.00 to the Plaintiff. The Court directs the Settlement Administrator to pay such amounts in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiff's counsel of record in the Action.

## VI.   OTHER PROVISIONS

20.   In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the

terms of this Agreement shall be treated as vacated, nunc pro tunc.

21. In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiff, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid by or on behalf of Defendant. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendant.

22. The Court finds that notice under the Class Action Fairness Act has been complied with.

**IT IS SO ORDERED.**

**ENTERED:** Nov. 5, 2025

_____
David Alan Ezra
Senior United States District Judge